# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ST LIBERTY LLC

    Plaintiff,

v.

M/V R AN R, USCG Official No. 1069265, her engines, boilers, tackles and other appurtenances, etc., *in rem*; and Robert W, Russell, *in personam*,

    Defendants.

IN ADMIRALTY

Civil Action No. 2:20-cv-343

**ORDER GRANTING EMERGENCY MOTION TO APPOINT SUBSTITUTE CUSTODIAN**

THIS MATTER having come on for consideration upon Plaintiff ST Liberty LLC's Emergency Motion to Appoint Substitute Custodian; the Court having reviewed the pleadings submitted by counsel and being otherwise fully advised in the premises; the Court hereby finds and rules as follows:

1. On March 3, 2020, Plaintiff filed its Verified Complaint herein, requesting that the vessel M/V R AN R, Official Number 1069265, Hull Identification Number PMH65005G898, *in rem*, its engines, tackle and other appurtenances (the "Vessel") be arrested, condemned and sold to pay Plaintiff's claims and for other proper relief.

2. This Court has authorized the Clerk of the Court to issue a Warrant for Arrest commanding the United States Marshal for this District to arrest and take the defendant Vessel into custody and to detain it in custody until further order of this Court.

3. Marine Lenders Services, LLC ("MLS") has agreed, to assume the responsibility of safekeeping said Vessel and has consented to act as custodian of the Vessel until further order of this Court. The United States Marshal is unable to perform or have performed at a comparable rate these same services. The transfer of the Vessel to the substitute custodian for safekeeping will not be effected until all charges incurred by the Marshal have been paid by Plaintiff.

4. The Vessel is presently located at Pacific Marine Center, 2302 T. Avenue, Anacortes, Washington.

5. The Vessel will not be moved from its present place of storage except as necessary for adequate safekeeping and protection of the property. No person except the appointed substitute custodian will be allowed to enter the Vessel except as necessary to transfer the Vessel to the facilities of the substitute custodian for safekeeping and except as necessary to adequately safekeep and protect the Vessel, except as may be expressly ordered by the Court.

6. Buck W. Fowler, Jr., Managing Member by declaration, has stated that MLS has no interest in the outcome of this lawsuit, can arrange for adequate facilities and supervision for the proper safekeeping of the Vessel, and has obtained the legal liability insurance through Great American (Policy No. CL 1932503366) with policy limits of not less than $2,000,000 which is expected to be adequate to respond in damages for loss of or injury to the defendant Vessel resulting from their legal liability or for damages sustained by third parties due to any acts, faults or negligence of the substitute custodian. Further, in his declaration, Buck W. Fowler Jr,. on behalf of MLS has agreed to accept custody of the Vessel and its equipment in accordance with the terms of this Order.

7. In consideration of the U.S. Marshal's consent to the appointment of MLS as substitute custodian, Plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel and its equipment, from the time the U.S. Marshal transfers custody of the Vessel over to the substitute custodian, and Plaintiff further agrees to indemnify and hold the United States and the U.S. Marshal harmless from any and all claims whatsoever arising out of the substitute custodian's

possession and safekeeping of the Vessel.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. That upon the seizure of the Vessel pursuant to the Warrant of Arrest, the U.S. Marshal for the Western District of Washington is authorized and directed to surrender custody of the Vessel to MLS as substitute custodian herein, and that upon such surrender, the Marshal shall be discharged from his/her duties and responsibilities for the safekeeping of the Vessel and held harmless from any and all claims arising out of said custodial services.

2. That MLS, as substitute custodian, shall see to and be responsible for the safekeeping of the Vessel while under arrest. The duties of the substitute custodian shall include, but are not limited to, ensuring that there is adequate, safe moorage/storage for the Vessel. The substitute custodian is not required to have a person live on board the Vessel, but an officer or authorized agent of the substitute custodian shall go on board the Vessel from time to time to carry out the duties of substitute custodian. No other person shall be allowed to enter on the Vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

3. That the Vessel may be moved from its present place of storage to the facilities of the substitute custodian or another suitable location in this district if necessary for the safekeeping and protection of the Vessel. The substitute custodian shall notify the office of the U.S. Marshal that the Vessel is to be moved and shall again notify the office of the U.S. Marshal when the Vessel has been moved. Once the Vessel has been moved to the facilities of the substitute custodian or other suitable facility, the Vessel shall not be moved again without further order of the Court.

4. That Plaintiff shall arrange to pay charges for moorage/storage of the Vessel and the fees, costs and legal liability insurance premiums of the substitute custodian.

5. That subject to final approval by the Court, all fees, costs and expenses incurred by Plaintiff or the substitute custodian pursuant to the terms of this Order shall be deemed

administrative expenses of the U.S. Marshal.

6. That Plaintiffs' attorney shall send a copy of this Order to the owner of the Vessel at the last address known by Plaintiff, and to the address shown on the record of the U.S. Coast Guard by Certified Mail, Return Receipt Requested.

It is further requested that the Clerk of this Court deliver three certified copies of this order to the United States Marshal forthwith.

**IT IS SO ORDERED**.

Dated: March 3, 2020

By: *Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE